UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE 1031 TAX GROUP, LLC, et al.

10 Civ. 2799 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

    The procedural posture of this case is highly unusual. Debtors are various Qualified Intermediaries ("QIs") that enable businesses to exchange real property pursuant to 16 U.S.C. § 1031 of the federal tax code and defer reporting gains on the property for tax purposes. Edward Okun ("Okun") owned these entities and, rather than running them in an honest manner, used them to perpetuate a Ponzi scheme. In order to keep his scheme afloat, Okun on occasion took out short-term loans from various banks. Eventually, after the real estate market crashed, Okun could no longer keep up the Ponzi scheme. The QIs eventually declared bankruptcy. When the bankruptcy plan was confirmed, Judge Glenn issued a channeling injunction that funnels all claims against the bankruptcy estate of the QIs to the Bankruptcy Court of the Southern District of New York as part of the plan. Part of that channeling injunction enjoined any action "that is based upon or derivative of any claim or cause of action that could have been asserted against the Cordell Parties by . . . the estates . . . ." (App., Vol. 2, 0105.)

    Appellees are various creditors of the QIs. Appellants are several of the banks that made short term loans to the QIs that enabled the Ponzi scheme to stay afloat. Appellees have separately brought a class action law suit in the Northern District of California against appellants, claiming, among other things, that appellants aided and abetted Okun in committing a

fraud.  Appellants sought to dismiss the complaint against them in the Northern District of California on the grounds that these claims are within the scope of the channeling injunction.  On February 3, 2010, Judge Ware of the Northern District of California denied appellants' motion to dismiss.  *See Anita Hunter v. Citibank, N.A.*, No. 09 Civ. 2079 (N.D. Cal. Feb. 3, 2010) (Appellee Ex. C).  Appellants moved for reconsideration or, in the alternative, for leave to file an interlocutory appeal to the Ninth Circuit.  On July 20, 2010, Judge Ware denied both motions.  *Hunter*, No. 09 Civ. 2079 (N.D. Cal. July 20, 2010) (Appellee Ex. D).

Appellants petitioned the Bankruptcy Court to enforce the channeling injunction and declare that the aiding and abetting claims fell within the scope of its channeling injunction.  On February 9, 2010, Judge Glenn declined to find that the channeling injunction covered the aiding and abetting claims, reasoning that the issue had already been decided by Judge Ware.  (App'x, 0001-03).  He further reasoned that Judge Ware was competent to decide the issue because whether particular claims fall within a channeling injunction is ultimately a question of state law. (*Id.*)

## STANDARD OF REVIEW

"Pursuant to Bankruptcy Rule 8013, a District Court reviews a bankruptcy court's conclusions of law de novo and reviews findings of fact for clear error." *In re Cavalry Const., Inc.*, 428 B.R. 25, 29 (S.D.N.Y. 2010); *see also In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, [and] its conclusions of law de novo . . . ." (internal citations omitted)).  A bankruptcy court's interpretation of its own order is typically given deference on appeal and reviewed for abuse of discretion.  *Deep v. Copyright Creditors*, 122 F. App'x 530, 531 (2d Cir. 2004); *Casse v. Key Bank Nat'l Ass'n*, 198 F.3d 327, 333 (2d Cir. 1999).

## DISCUSSION

Appellants argue before this Court that Judge Glenn erred in refusing to interpret the channeling injunction because bankruptcy courts have exclusive jurisdiction to interpret their own channeling injunctions. Ironically, should the Court agree with this contention, appellants next argue that the Court should interpret the Bankruptcy Court injunction. Much of the case law that appellants cite suggests merely that the Bankruptcy Court *could have* interpreted the order in the first instance. But that is not the issue here. The issue here is whether the Bankruptcy Court and only the Bankruptcy Court could have interpreted the injunction. In support of this argument, Appellants cite two lines of cases, neither of which is directly on point. First, appellants cite authority stating that a district court retains exclusive jurisdiction to interpret the terms of a settlement ordered before it. *Am. Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc.*, 1998 WL 436364, at *3 (S.D.N.Y. July 28, 1998). But the order here is not a settlement order, but rather a channeling injunction, and appellants erroneously equate the two.

In addition, the appellants cite a Seventh Circuit case that held that it was reversible error for a bankruptcy court to abstain from deciding an issue and to allow a state court to decide the issue instead. *In re the Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1194 (7th Cir. 1993). But that case differed from the case at bar in two important respects. First, Judge Glenn deferred not to a state court, but to a district court. Federal courts have original and exclusive jurisdiction to hear bankruptcy cases. 28 U.S.C. § 1334(a). The jurisdictional statute also carves out certain exceptions that allow federal courts to defer to state courts with regard to claims that are usually channeled to the bankruptcy courts. 28 U.S.C. § 1334(c)(1). The Seventh Circuit held that the bankruptcy court exceeded that authority. This case does not raise the same jurisdictional concerns because the Bankruptcy Court deferred to another federal court, not to a

state court.  Second, the Seventh Circuit held that the bankruptcy court abused its discretion in abstaining because the outcome of the case did not turn upon a question of state law.  *Id*. at 1192-93.  But here, the channeling injunction expressly incorporated a state law question, specifically whether the claims were derivative of appellants' liability to the bankruptcy estates.  It thus seems that Judge Ware and Judge Glenn were equally qualified to answer this question.  As a result, the Court is not persuaded that Judge Glenn abused his discretion in choosing to defer to the decision of Judge Ware.

But even if Judge Ware erred procedurally in deciding to interpret the injunction, he did not err substantively when determining its scope.  The channeling injunction put in place by Judge Glenn covers any action "that is based upon or derivative of any claim or cause of action that could have been asserted against the Cordell Parties by . . . the estates . . . ."  (App., Vol. 2, 0105.)  Judge Ware correctly reasoned that the estates could not have brought an action against Cordell for aiding and abetting it in a perpetuating a Ponzi scheme.  Appellants urge that this interpretation is incorrect because Judge Ware did not defer to the Trustee's interpretation of the Injunction, which the Trustee enunciated during a hearing as extending to aiding and abetting claims.  (Appellants' Mem. 18.)

Not only would such an interpretation disregard the clear language of the channeling injunction, it would also overstep the jurisdiction of the bankruptcy court.  The Second Circuit held in *In re Johns-Manville Corp.* that the federal courts are without jurisdiction to enjoin actions against third-parties not in bankruptcy when those actions are premised upon an "independent legal duty."  517 F.3d 52, 63 (2d Cir. N.Y. 2008) (hereinafter "*Manville I*").  Although appellants correctly note that the Supreme Court reversed this decision in *Travelers Indem. Co. v. Bailey*, it did so on purely procedural grounds and "[did] not resolve whether a

bankruptcy court, in 1986 or today, could properly enjoin claims against nondebtor insurers that are not derivative of the debtor's wrongdoing." 129 S. Ct. 2195, 2207 (U.S. 2009). The Second Circuit hewed to its *Manville I* analysis on remand. *In re Johns-Manville Corp.*, 600 F.3d 135, 158 (2d Cir. 2010). Judge Ware's analysis clearly demonstrates that appellees have an independent, direct cause of action premised upon an independent legal duty that appellants owe to appellees. Furthermore, appellants have made no showing that appellees claims would in any way affect the *res* of the debtor's estate. *See Manville I*, 517 F.3d at 66. Even if this Court were to interpret the channeling injunction anew, it would decline to interpret the channeling injunction in the manner that appellants espouse because to do so would exceed the subject matter jurisdiction of the Court.

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

Dated: New York, New York
   March __, 2011

_____
Richard J. Holwell
United States District Judge